UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CURTIS LEVAR WELLS JR., | ) |
| Plaintiff-Appellant, | ) |
| v. | ) 23-1638 |
| JAVIER FUENTES, *et al.* | ) |
| Defendants-Appellees. | ) |

### FEDERAL DEFENDANTS' CONSENT MOTION FOR LEAVE TO FILE A SEPARATE BRIEF

Pursuant to Local Rules 28(a) and (d), Defendant-Appellees Michael P. Armstrong, Keith Shepherd, and the United States of America (hereinafter collectively "Federal Defendants"), through their undersigned counsel, hereby move for leave to file a separate brief in the above-captioned appeal. The grounds for this motion are as follows:

1.  This litigation arises out of claims brought by Plaintiff Curtis Level Wells Jr. against various state and federal actors relating to his arrest and subsequent investigation by local law enforcement in early 2020. R. 48.[1] In the District Court, Plaintiff brought claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against two federal officers. Plaintiff alleged that Department of Army

---

[1] "R" and a number refers to the document located at that number on the District Court's docket sheet.

Officer Michael P. Armstrong violated his Fourth and Fifth Amendment rights when he allegedly "detain[ed] him," and reported Plaintiff's suspicious behavior to local law enforcement. *See id.* ¶¶ 35, 237, 241-42. Plaintiff also alleged that Department of Army Detective Keith Shepherd violated his Fourth and Fifth Amendment rights when investigating whether Plaintiff took a rifle plate from the military. *See id.* ¶¶ 16, 233-34. Separately, Plaintiff brought individual tort claims against the federal officers under state law and a respondeat superior claim against the United States of America. *See id.* ¶¶ 196-213, 259-268. Subsequently, the United States of America filed a notice of substitution as to the state tort claims brought against the federal officers, certifying that these officers were employees of the federal government acting within their scope of employment at the time of the events alleged and that the United States of America was the proper defendant for such claims under the Federal Tort Claims Act ("FTCA"). R. 55.

2a.    The Department of Justice is charged with representing the interests of the United States and its officers in appeals brought in the circuit courts of appeals. *See* 28 U.S.C. §§ 517-19. Attorneys for the United States have sole authority to file briefs on behalf of the federal sovereign, and the strategy followed in defending federal agency and officer action against constitutional attack must be within the exclusive control of attorneys for the United States. For these reasons, the United States should not have to be seen as joining the positions advanced by private

2

litigants in a single joint brief.

2b.    These concerns are heightened by the particular circumstances presented in this appeal. Specifically, entirely-different legal issues govern Plaintiff's appeal of his claims against Federal Defendants from the other state actors who are the remaining defendants-appellees. Plaintiff's constitutional claims against the federal officers are governed by *Bivens* and that caselaw is not applicable to Plaintiff's claims against the state actors in this case. Similarly, Plaintiff's tort claims against the United States involve jurisdictional defenses under the FTCA that are also inapplicable to Plaintiff's claims against any state actors. Indeed, the district court's opinion evaluated the arguments against Federal Defendants separately from the state actors and, in large part, granted dismissal of the claims against the Federal Defendants on *Bivens* arguments and FTCA jurisdictional defenses wholly separate from its grounds for dismissing Plaintiff's claims against the state actors. R. 94.

Furthermore, the universe of allegations against the Federal Defendants is not the same as those against the state actors. Plaintiff's allegations against Officer Armstrong relate to Armstrong's initial encounter with Plaintiff, but Plaintiff brings a far wider set of allegations relating to the search, seizure, and impounding of his items against various state officer defendants. *See* R. 48 ¶¶ 45-79. Similarly, Plaintiff's allegations against Detective Shepherd relate to his assistance in a state law enforcement investigation, but Plaintiff also brings a far wider set of allegations

3

relating to his alleged malicious prosecution with respect to the state actors. *See id.* ¶¶ 101-114. Accordingly, in contrast to other putative appeals in which the United States is a co-defendant with other litigants in the district court on identical claims, in this appeal, Federal Defendants would be required to join a brief with state actors concerning legal arguments that might have no bearing on their own liability.

3.    Because the legal issues and allegations against the Federal Defendants and the remaining appellees differ, authorizing the Federal Defendants to file their own separate brief raises little risk of duplicative briefing. This is particularly so because, as previously mentioned, the district court dismissed the claims against Federal Defendants largely based on arguments and defenses only available to Federal Defendants.

4.    Plaintiff's counsel has indicated that Plaintiff does not oppose the relief sought through this motion. Counsel for the co-defendants have similarly indicated that co-defendants do not oppose the relief sought through this motion.

## CONCLUSION

For the foregoing reasons, this Court should authorize Federal Defendants to file a separate appellees' brief in this appeal.

Dated: June 26, 2023	Respectfully submitted,

	JESSICA D. ABER
	UNITED STATES ATTORNEY

*By*:	  /s/  
	YURI S. FUCHS
	Assistant United States Attorney
	Office of the United States Attorney
	Justin W. Williams U.S. Attorney's Building
	2100 Jamieson Avenue
	Alexandria, Virginia 22314
	Tel:   (703) 299-3872
	Fax:   (703) 299-3983
	Email:       yuri.fuchs@usdoj.gov
	*Counsel for Federal Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically filed the foregoing using the CM/ECF system, which will send a notification of electronic filing to the following counsel of record:

Matthew A. Crist, PLLC
10432 Balls Ford Rd.,
Suite 300
Manassas, VA 20109
571-551-6859
Email: mcrist@macpllc.net

David P. Corrigan
Harman Claytor Corrigan & Wellman
PO Box 70280
Richmond, VA 23255
(804) 747-5200
Email: dcorrigan@hccw.com

Leslie A. Winneberger
Harman Claytor Corrigan & Wellman
PO Box 70280
Richmond, VA 23255
804-747-5200
Email: lwinneberger@hccw.com

Blaire Hawkins O'Brien
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, VA 23255
804-622-1103
Email: bobrien@hccw.com

Ryan Carson Samuel
Arlington County Attorney's Office
2100 Clarendon Blvd

Suite 403
Arlington, VA 22201
703-228-3100
Fax: 703-228-7106
Email: rsamuel@arlingtonva.us

Virginia Margaret Sadler
Assistant County Attorney
Arlington County
1 Courthouse Plaza
2100 Clarendon Blvd, Suite 403
Arlington, VA 22201
703-228-3100
Fax: 703-228-7106
Email: vsadler@arlingtonva.us

        /s/
Yuri S. Fuchs
Assistant U.S. Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov
*Counsel for Federal Defendants*